IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Rance Jones, | ) | C/A No. 0:10-568-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Federal Bureau of Prisons; Warden of FCI-Estill, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The petitioner, William Rance Jones ("Jones"), a self-represented federal prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his Petition, Jones alleges that BOP is denying him jail credit against his federal sentence for time spent in state custody. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondents' motion to dismiss. (ECF No. 10.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondents' motion. (ECF No. 11.) Jones filed a response in opposition. (ECF No. 13.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondents' motion should be granted.

**DISCUSSION**

The respondents' move for dismissal of this action on the ground that Jones's claims are without merit. Since the filing of Jones's Petition, however, it appears that Jones's federal sentence has been re-computed to reflect the commencement of his federal sentence on February 9, 2007, and

Page 1 of 3

*PJG*

492 days of jail credit awarded from October 5, 2005 through February 8, 2007. (Farrar Aff. ¶10, ECF No. 10-4 at 4; Sentence Monitoring Computation Data as of May 3, 2010, ECF No. 10-2.) In response to the respondents' motion, Jones confirms that all the jail time credit that he sought in his Petition was awarded to him on April 30, 2010 and consents to the dismissal of his federal Petition. (ECF No. 13 at 1-2.)

## RECOMMENDATION

It appearing that there is no longer a live case or controversy to be adjudicated by the court and that there is no further relief which this court can grant, the court recommends that the respondents' motion to dismiss (ECF No. 10) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 25, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).